United States District Court
Southern District of Texas
**ENTERED**
November 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRO HOLDINGS, LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-04600 |
| | § | |
| DANIEL WHITE and VAN MAREN FINANCIAL, LTD., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Pending before the Court are various motions to Dismiss. Defendants, Daniel White ("White") and Van Maren Financial, Ltd., (collectively "Defendants") filed separate but identical Motions to Dismiss for Lack for Capacity to Sue. (Doc. Nos. 4, 7). Plaintiff, CRO Holdings, LLC, ("CRO" or "Plaintiff") has not responded. Van Maren Financial, Ltd. ("Van Maren") filed a second Motion to Dismiss for Failure to State a Claim. (Doc. No. 5). Plaintiff has not responded. While this Court would ordinarily interpret the lack of response "as a representation of no opposition" and "an indication that the opposing party agrees to the motion and the relief requested," *see* Local Rule 7(D), the Court nevertheless addresses the merits of the Motions to Dismiss. After consideration of the briefing and applicable law, the Court **GRANTS** Defendants' Motions to Dismiss for Lack of Capacity. (Doc. Nos. 4, 7). Van Maren's Motion to Dismiss for Failure to State a Claim is therefore **DENIED** as moot. (Doc. No. 5).

## I. Background

Plaintiff is a Texas Limited Liability Company. Defendant White is a Canadian citizen, and Defendant Van Maren is a Canadian Limited Liability Company. (Doc. No. 1-1, Appx. 2, ¶¶

2-4). On October 15, 2025, Plaintiff and Defendant White allegedly executed a Memorandum of Understanding and Assignment of Interest through which Plaintiff received a controlling interest in Wolfenden Ventures, Ltd.[1] and the property located at 4220 Beaverfoot Forest Service Rd. Colombia-Shuswap, BC V0A 1L0 (the "Property"). (*Id.* ¶ 11).

Plaintiff alleges that since August of 2025, White and Van Maren have attempted to sell the Property without regard for Plaintiff's interest, stake, or decision-making authority. Plaintiff alleges that Defendants have conspired to sell, transfer, or otherwise dispose of the Property without Plaintiff's knowledge or consent for less than its fair-market value. (*Id.* ¶ 12-16). In doing so, Plaintiff alleges that White and Van Maren breached the contract and breached their fiduciary duties owed to Plaintiff in their efforts to sell the Property. (*Id.* ¶¶ 18-21).

Plaintiff therefore filed suit in Harris County, Texas, seeking damages and permanent injunction barring Defendants from further attempts to sell the Property against Plaintiff's wishes and interests.

## II. Legal Standard

### a. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has original jurisdiction to hear a suit when it is asked to adjudicate a case or controversy that arises under federal-question or diversity jurisdiction. U.S. Const., art. III, § 2, cl. 1; 28 U.S.C. §§ 1331-32. Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and without exception." *Webb v. Davis*, 940

---

[1] It is unclear from the face of Plaintiff's state court petition and from subsequent briefings what role this entity plays. It appears as though Wolfenden Ventures, Ltd. functions as a holding company; Van Maren, White, and CRO are members; and the Property is an asset held by the company.

F.3d 892, 896 (5th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Plaintiff, as the party asserting jurisdiction, bears the burden of proof to defeat a Rule 12(b)(1) motion to dismiss. *Id.*

**b. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm*

*Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III. Analysis

Article III of the United States Constitution limits the power of the judiciary to exercise jurisdiction only over live cases and controversies. U.S. Const. art. III, § 2, cl.1. In order to have a live case or controversy, a plaintiff with the capacity to sue or be sued must bring the suit. The capacity of an entity to sue or be sued is determined "by the law under which it was organized[.]" Fed. R. Civ. P. 17(b)(2). In this case, therefore, we look to Texas law to determine whether CRO Holdings, LLC, has the capacity to maintain this suit. The Texas Tax Code includes limited liability companies in its definition of "taxable entities." TEX. TAX CODE ANN. § 171.0002(a). If a taxable entity fails to pay its franchise taxes, "the comptroller shall forfeit the corporate privileges" of that entity. *Id.* §§ 171.251; 171.301. If the corporate privileges of a taxable entity are forfeited, "the [entity] shall be denied the right to sue or defend[.]" *Id.* § 171.252.

Defendants provide documentation from the Texas Secretary of State demonstrating that the Secretary issued CRO's Certificate of Formation on April 7, 2021. (Doc. No. 1, Ex. 1). On March 10, 2023, the Secretary forfeited CRO's charter, certificate, or registration pursuant to § 171.309 of the Tax Code. (*Id.*). Therefore, Plaintiff does not have capacity to sue or be sued according to the laws of the State of Texas. Without a competent Plaintiff, there exists no Article III case or controversy upon which this Court may exercise subject matter jurisdiction.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss for Lack of Capacity. (Doc. Nos. 4, 7). The Court **DENIES** Van Maren's second Motion to Dismiss as moot. (Doc. No. 5).

Signed on this 9th day of November 2026.

Andrew S. Hanen
United States District Judge